UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| WILLIAM JOSEPH TAYLOR, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 2:26-CV-24-TAV-CRW |
| | ) | | |
| TUCKER LANE, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate of the Sullivan County Jail, filed a pro se complaint and amended complaint challenging numerous withholdings of his legal mail during his Sullivan County confinement [Docs. 1, 4] and a motion for leave to proceed *in forma pauperis* [Doc. 5]. For the reasons set forth below, Plaintiff's motion [Doc. 5] will be **GRANTED**. Also, as Plaintiff already has a pending case in this District based on the same substantive allegations he seeks to bring herein, *Taylor v. Gilliam*, *et al.*, No. 2:25-CV-75 (E.D. Tenn), the Court will **DISMISS** this action as duplicative and malicious.

## I.    MOTION TO PROCEED *IN FORMA PAUPERIS*

As it appears from Plaintiff's motion that he cannot pay the filing fee in a lump sum, his motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**.

Because Plaintiff is an inmate, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the

preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee.  This memorandum and order shall be placed in Plaintiff's institutional file and follow him if he is transferred to a different facility.

## II.    COMPLAINT SCREENING

### A.    Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Analysis**

Plaintiff's complaints allege that, pursuant to Michelle Gilliam's request, Defendant Tucker Lane withheld legal mail from Plaintiff during his Sullivan County confinement [Docs. 1, 4]. However, as Plaintiff acknowledges in his complaints, Plaintiff previously filed a § 1983 complaint that is proceeding against Gilliam and another Defendant regarding the same legal mail withholdings. *See Taylor v. Gilliam, et al.*, No. 2:25-CV-75 (E.D. Tenn).[1] Thus, the Court finds that the present action is duplicative. *See Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997) (providing that, to be duplicative, a case "'must be materially on all fours with the other . . . . [T]he issues 'must have such an identity that a determination in one action leaves little or nothing to be determined in the other.'"); *see also Houston v. Caruso*, No. 2:08-CV-124, 2009 WL 579411, at *1 (W.D. Mich. Mar. 5,

---

[1] Notably, in Plaintiff's other pending lawsuit, he has filed a motion to add Lane as a Defendant, *id.* at Doc. 54, which is the proper way to pursue the claims he seeks to bring herein.

2009) ("Where the factual allegations are the same and the actions of the newly named defendants merely formed a partial basis for the previous suit, the suit against the new defendants may be found to be duplicative." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) for its affirmance of a dismissal of a prisoner's second § 1983 complaint where the second complaint named different defendants)).

Federal courts try to avoid "duplicative litigation." *Smith,* 129 F.3d at 360 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Moreover, as Plaintiff's prior-filed duplicative action is still pending, the Court will **DISMISS** this action as malicious. *Sanders v. Washington*, 582 F. Supp. 3d 543, 548 (W.D. Mich. 2022) (collecting cases that "conclude that a 'duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious' for prisoners suing governmental entities and those proceeding *in forma pauperis*" (citing *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021))); *Skudnov v. U.S. Dep't of HUD*, No. 3:15-CV-100, 2015 WL 3892422, at *3 (W.D. Ky. June 24, 2015) (finding "[a] complaint is malicious when it 'duplicates allegations of another [ ]federal lawsuit by the same plaintiff'") (citation omitted).

## III.   CONCLUSION

For the reasons set forth above:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

2.    The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4

3. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. This action will be **DISMISSED** as malicious; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE